UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In Re:

Cornerstone Homes, Inc.,

                        Debtors.

_____

Chapter 11
Case No. 13-21103
Affidavit of Trustee

STATE OF NEW YORK)
COUNTY OF MONROE ) ss.:

      MICHAEL H. ARNOLD, being duly sworn, hereby deposes and says:

      1. I am the Chapter 11 Trustee duly appointed in the above proceeding. As such I am personally familiar with the facts and circumstances herein.

      2. This motion is brought, seeking an Order of the Court authorizing the Trustee to sell certain assets the estate, specifically, all of the estate's interest in 7401 Bean Station Road, Town of Wheeler, Steuben County, New York (Tax ID #075.00-01-020.220) hereinafter referred to as the "subject parcel". The property consists of approximately 7 acres of land with a single family residence (an old mobile home) located thereon.

      3. On July 15, 2013, the above named debtor filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

      4. By Order dated January 22, 2014, the Court appointed Michael H. Arnold to serve as Chapter 11 Trustee in this matter.

## SALE OF REAL PROPERTY

      5. At the time of filing, the debtor owned certain parcels of real property, including the subject parcel.

      6. Following his appointment, the Chapter 11 Trustee has managed, maintained, rented and sold the properties held in the debtor's inventory. Most properties sold were in extreme disrepair, vacant, or otherwise not productive assets for the debtor estate to retain.

7. The subject parcel consists of approximately 7 acres of land with a single-family residence (an old mobile home) on it. The building is in poor condition. It has been vacant for over a year. Rodents have chewed up the wires so badly that it is not currently habitable. Moreover, former tenants left tons of debris, garbage and tires on the premises. The trustee, in consultation with the trustee's field manager has identified it as a property that would not be worth the cost of the repairs and cleanup.

8. The trustee has received a cash offer to sell the subject parcel for the sum of $18,000.00. A complete copy of the purchase and sale agreement is annexed hereto as Exhibit A.

9. The trustee has researched property values in the Wheeler / Prattsburgh area, and determined that the proposed sale price is close to the selling price of similarly situated vacant land in that area. In its present condition, the mobile home adds no value to the property, and the trustee's field manager estimates that the cost of removing the tires, debris and trash from the subject parcel could be up to $2,000.00.

10. Based upon the foregoing, as well as the assessment by the debtor's field manager, the proposed sale price is as much or more than the subject parcel could sell for under any other circumstance.

11. There are no mortgages or liens on the subject property. Accordingly, the net proceeds of sale will be deposited in the estate's "asset sale account" for the benefit of unsecured creditors.

12. As previously noted, the property is uninhabitable and has not generated any income over the past year. By selling this property, the estate will realize the net proceeds of sale and will eliminate the costs of ownership including taxes, utilities and insurance.

13. Based upon the foregoing, the trustee has determined that the subject parcel is not required for the reorganization of the debtor, and that the debtor would benefit by the proposed sale of the parcel.

14. The prospective buyer is Tony Blodgett, 3939 Meads Creek Road, Painted Post, New York. To the trustee's knowledge, the buyer has no relation or connection to the debtor of any type.

15. No realtor was involved in securing the sale of the subject parcel.

16. By this sale, the trustee obtains a prompt, certain and meaningful recovery for the benefit of unsecured creditors, and further avoids the costs related to carrying this asset in the debtor's inventory. The trustee believes that, in his best business judgment, the proposed sale price is fair and reasonable and in the best interests of creditors.

## COMPENSATION OF ATTORNEY FOR TRUSTEE

17. By Order dated March 21, 2014, the firm of Place and Arnold was appointed to serve as attorney for the Chapter 11 Trustee. Thereafter, by Order dated July 14, 2015, the firm of Barclay Damon, LLP was substituted as attorney for the trustee.

18. The application seeking approval of the said employment contemplated that the firm would, among other things, assist in completing any necessary real estate transactions. That application anticipated an attorney's fee in the amount of $500.00 for each transaction.

19. Over the past four years, it has been the trustee's experience that each and every real estate transaction involving Cornerstone Homes has required between 3 and 4 hours of actual legal time to complete. Complications invariably arise in addressing issues raised by the buyers and title insurance companies. The present motion alone, seeking authority to sell this property

has consumed over two hours of the trustee's time to prepare, and more time will be required to appear on the motion and prepare any required order.

20. Further, for over 25 years, the applicant has represented buyers and sellers in countless real estate transactions. The applicant's general fee for that service (unchanged for over 20 years) has been $495 to $695. In light of the complications involved in these sales, the applicant submits that a fair and reasonable fee would be $650.00 for this closing. Even at that rate, the applicant is earning approximately 50% of his usual hourly rate for legal work.

21. Accordingly, the trustee hereby requests an Order authorizing compensation to Barclay Damon, LLP in the amount of $500.00 for all services related to the sale of the subject property, to be paid from the proceeds of sale following completion of the described real estate transaction. No additional fee will be requested for the legal work required for this motion.

**WHEREFORE,** your deponent respectfully requests an Order of the Court:

A. Approving the sale of the subject parcel in accordance with the terms described herein, and

B. Authorizing compensation to Barclay Damon LLP in the amount of $500.00, and

C. Granting such other and further relief as to the Court seems just and proper.

DATED: September 28, 2018

/s/_____
Michael H. Arnold
Chapter 11 Trustee