## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CORNERSTONE HOMES, INC., | ) | Case No. 2-13-21103-PRW |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CORNERSTONE HOMES, INC.

Michael H. Arnold, the duly appointed chapter 11 trustee (the "***Trustee***") of Cornerstone Homes, Inc. ("***Debtor***"), and the Official Committee of Unsecured Creditors of Debtor (the "***Committee***," the Trustee and the Committee referred to collectively as the "***Proponents***") having proposed the Second Amended Joint Plan of Reorganization dated October 4, 2019 [Docket No. 1425] (the "***Plan***"), a copy of which is attached as Exhibit A to the Disclosure Statement dated November 14, 2019 [Docket No. 1465] (the "***Disclosure Statement***")[1]; and the Court having held a hearing to consider confirmation of the Plan on January 8, 2020; and the Court having considered the Declaration of Gregory J. Mascitti Regarding Voting and Tabulation of Ballots Accepting and Rejecting the Plan sworn to January 2, 2020 [Docket No. 1493] (the "***Voting Certification***"); and the Court having considered the Declaration of Michael H. Arnold, as Chapter 11 Trustee, in Support of Confirmation of the Plan sworn to January 8, 2020 [Docket No. 1496] (the "***Declaration***"); and the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for filing objections to the Plan; and it appearing to the Court that notice of the Confirmation

---

[1] Capitalized terms not otherwise defined in this Order (the "***Confirmation Order***") shall have the meanings ascribed to them in the Plan and the Disclosure Statement.

MEI 32363117v.1

Hearing and the opportunity for any party in interest to object to confirmation of the Plan having been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby; and no objection to the Plan having been timely filed by any party; and after due deliberation and just and sufficient cause appearing therefor;

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

A. **Jurisdiction and Venue**

1.     On July 13, 2013 (the "***Petition Date***"), Debtor commenced this chapter 11 bankruptcy proceeding by filing a voluntary petition for relief under the Bankruptcy Code.

2.     The Court has jurisdiction over this matter and the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.

3.     Venue in this District was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper.

4.     Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

5.     Debtor is a proper debtor under section 109 of the Bankruptcy Code, and the Proponents are proper proponents of the Plan under section 1121(c) of the Bankruptcy Code.

B. **The Appointment of The Committee**

6.     On August 1, 2013, the United States Trustee appointed the Committee in the Chapter 11 Case pursuant to Bankruptcy Code section 1102.

C. **The Appointment of The Trustee**

7.     On January 22, 2014, the Court entered an Order approving the appointment of Michael H. Arnold as the chapter 11 trustee of Debtor [Docket No. 226].

8.     Since his appointment, the Trustee has been in control of Debtor's assets and has

2

continued to operate and manage Debtor's business pursuant to Bankruptcy Code section 1108.

**D. Judicial Notice**

9. The Court takes judicial notice of (and deems admitted into evidence for Confirmation) the docket of the Chapter 11 Case and all related adversary proceedings maintained by the Clerk of the Court, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings before the Court during the pendency of the Chapter 11 Case.

**E. Burden of Proof**

10. The Proponents have met their burden of proving the elements of Bankruptcy Code section 1129 by a preponderance of the evidence.

**F. Service of Solicitation Materials; Adequate and Sufficient Notice; Voting Certification**

11. As evidenced in the Voting Certification, the Proponents complied with the notice and service requirements and procedures with respect to solicitation of votes as approved in the Disclosure Statement Order. No objection was filed with respect to the Voting Certification. Such notice was adequate and sufficient, and no other or further notice is or shall be required.

12. All procedures used to (a) provide notice and distribute the materials necessary to vote on the Plan (collectively, the "*Solicitation Materials*") to the applicable Holders of Claims entitled to vote thereon and (b) tabulate the ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court for the Western District of New York (the "*Local Rules*"), and all other applicable orders, and federal, state, and local laws, rules and regulations (collectively, the "*Applicable Laws*").

13. As evidenced by the Voting Certification, all Ballots were tabulated properly, and

3

ME1 32363117v.1

Case 2-13-21103-PRW, Doc 1499, Filed 01/14/20, Entered 01/14/20 16:16:03,
Description: Main Document , Page 3 of 37

votes for acceptance and rejection of the Plan were solicited in good faith and complied with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement Order and all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other Applicable Laws.

14.     Each of the Proponents solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other Applicable Laws.

## G. Bankruptcy Rule 3016

15.     The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the clerk of the Court satisfied Bankruptcy Rule 3016(b).

## H. Confirmation Hearing Notice

16.     The Proponents served the Confirmation Hearing Notice in accordance with the Disclosure Statement Order, as evidenced by the Certificate of Service of Gregory J. Mascitti sworn to January 2, 2020 [Docket No. 1494]. Notice of the Confirmation Hearing was adequate and sufficient, and no further notice is or shall be required.

## I. Voting Results

17.     On January 2, 2020, the Voting Certification was filed with the Court [Docket No. 1493]. As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited and tabulated in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order.

## J. Class Deemed to Have Rejected the Plan

18.     Class 2 will not receive or retain any property under the Plan and is conclusively

4

deemed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g).

### K. **Compliance with the Requirements of Bankruptcy Code Section 1129**

    a. <u>Bankruptcy Code Section 1129(a)(1)—Compliance of the Plan with Applicable Provisions of the Bankruptcy Code</u>

19.    The Plan complies with all applicable provisions of the Bankruptcy Code as required by Bankruptcy Code section 1129(a)(1), including, without limitation, Bankruptcy Code sections 1122 and 1123.

    b. <u>Bankruptcy Code Sections 1122 and 1123(a)(1)—Proper Classification</u>

20.    Article II of the Plan designates Classes of Claims and Interests other than Administrative Expense Claims, Professional Fee Claims, and Priority Claims (which are not required to be designated pursuant to Bankruptcy Code section 1123(a)(1)). As required by Bankruptcy Code section 1122(a), each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. Valid reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and the Plan does not unfairly discriminate among holders of Claims or Interests. Thus, the Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

    c. <u>Bankruptcy Code Sections 1123(a)(2) and 1123(a)(3)—Specific Unimpaired and Impaired Classes</u>

21.    Article II of the Plan specifies that Classes 1 and 2 are Impaired. The Plan, therefore, satisfies Bankruptcy Code sections 1123(a)(2) and 1123(a)(3).

    d. <u>Bankruptcy Code Section 1123(a)(4)—No Discrimination</u>

22.    Article II of the Plan provides the same treatment for each Claim or Interest within a particular Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest. The Plan, therefore, satisfies the

ME1 32363117v.1

requirements of Bankruptcy Code section 1123(a)(4).

  e.  <u>Bankruptcy Code Section 1123(a)(5)—Adequate Means for Implementation of the Plan</u>

23.    The Plan, the various documents and agreements set forth in the Disclosure Statement and other related documents provide adequate and proper means for the Plan's implementation and sufficient Cash will be available to make all payments prescribed pursuant to the Plan. Moreover, the Plan provides adequate means for its implementation, including, without limitation, (i) the issuance of the New Equity, (ii) the formation of the Reorganized Debtor and the adoption of the New Organizational Documents, including the Operating Agreement, (iii) the vesting of assets of the Estate in the Reorganized Debtor, and (iv) the cancellation of all notes, instruments, certificates or other documents evidencing Claims or Interests. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1123(a)(5).

  f.  <u>Bankruptcy Code Section 1123(a)(6)—Non-Voting Equity Securities</u>

24.    The New Equity to be issued under the Plan shall constitute a voting equity security. Additionally, the Operating Agreement will provide that the Reorganized Debtor shall not issue non-voting equity securities. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1123(a)(6).

  g.  <u>Bankruptcy Code Section 1123(a)(7)—Designation of Directors and Officers</u>

25.    Article 4.3 of the Plan and the Operating Agreement describe the manner of selection of directors and officers of the Reorganized Debtor. The identity of any person proposed to serve as a director or officer of the Reorganized Debtor has been disclosed in the Disclosure Statement. The Proponents have disclosed the identity of all individuals proposed to serve on or after the Effective Date as officers or directors of the Reorganized Debtor. The selection of each such director, manager or officer is consistent with the interests of creditors,

6

ME1 32363117v.1

equity security holders, Applicable Laws and public policy. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1123(a)(7).

h. Bankruptcy Code Section 1123(b)—Discretionary Contents of the Plan

26. The other provisions of the Plan, including, without limitation, those relating to the impairment or unimpairment of Classes of Claims and Interests, the assumption or rejection of executory contracts and unexpired leases, the issuance of the New Equity, the Plan's release provisions, the Plan's exculpation and injunction provisions, and the New Organizational Documents, including the Operating Agreement, are appropriate and consistent with the provisions of Bankruptcy Code section 1123(b).

i. Bankruptcy Code Section 1123(d)—Curing Defaults

27. The Plan satisfies the requirement under Bankruptcy Code section 1123(d) that any amounts necessary to cure any defaults under executory contracts and unexpired leases to be assumed under the Plan have been determined in accordance with the relevant underlying agreement and applicable nonbankruptcy law.

j. Bankruptcy Code Section 1129(a)(2)—The Proponents' Compliance with Applicable Provisions of the Bankruptcy Code

28. The Proponents have complied with all applicable provisions of the Bankruptcy Code as required by Bankruptcy Code section 1129(a)(2), including, without limitation, Bankruptcy Code sections 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019. In particular, the Debtor is an eligible debtor under Bankruptcy Code section 109, and the Proponents are proper proponents of the Plan under Bankruptcy Code section 1121(c). Furthermore, the solicitation of acceptances or rejections of the Plan: (a) complied with the Disclosure Statement Order; (b) complied with all Applicable Laws governing the adequacy of disclosure in connection with such solicitation; and (c) occurred only after disclosing "adequate

ME1 32363117v.1

information," as defined in Bankruptcy Code section 1125(a), to Holders of Claims and Interests entitled to vote on the Plan. The Proponents have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e). The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(a)(2).

      k.   <u>Bankruptcy Code Section 1129(a)(3)—Proposal of the Plan in Good Faith</u>

29.     The Proponents have proposed the Plan in good faith and not by any means forbidden by law. Consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan maximizes recoveries to Holders of Claims against Debtor through Debtor's reorganization, and the Reorganized Debtor will emerge from chapter 11 with a capital structure and sufficient liquidity necessary for the Reorganized Debtor to effectuate the Plan and otherwise conduct its business. The transactions contemplated by the Plan are in the best interests of Debtor, the Reorganized Debtor, the Estate, and the Holders of Claims and Interests and were negotiated and obtained in good faith. In so determining, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the Plan, and the process leading to the formulation of the Plan and Confirmation. The Chapter 11 Case was filed, and the Plan was proposed, with the legitimate purpose of allowing Debtor to reorganize and emerge from bankruptcy as the Reorganized Debtor with a capital structure that will allow the Reorganized Debtor to satisfy its obligations with sufficient liquidity and capital resources to operate its business after the Effective Date. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(a)(3).

      l.   <u>Bankruptcy Code Section 1129(a)(4)—Court Approval of Certain Payments as Reasonable</u>

30.     Payments made or to be made by Debtor for services or for costs and expenses incurred in connection with the Chapter 11 Case prior to the Effective Date, or in connection

ME1 32363117v.1

with the Plan and incidental to the Chapter 11 Case, including all Professional Fee Claims, have been approved by, or are subject to the approval of, the Court as reasonable. After the Effective Date, the Court will retain jurisdiction with respect to applications for allowance of Professional Fee Claims and expenses incurred up to and through the Effective Date in accordance with Article X of the Plan. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(a)(4).

m. <u>Bankruptcy Code Section 1129(a)(5)—Disclosure of Identity of Proposed Management and Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy</u>

31. The Disclosure Statement contains the necessary disclosures regarding the directors and officers of the Reorganized Debtor following emergence from chapter 11, as required by Bankruptcy Code section 1129(a)(5)(A) and the nature of compensation of any insiders (as defined in Bankruptcy Code section 101) who will be employed or retained by the Reorganized Debtor, as required by Bankruptcy Code section 1129(a)(5)(B). The appointment of such directors and officers is consistent with the interests of Holders of Claims and Interests and public policy. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(a)(5).

n. <u>Bankruptcy Code Section 1129(a)(6)—Approval of Rate Changes</u>

32. The Plan does not contain any rate changes subject to jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval. Therefore, Bankruptcy Code section 1129(a)(6) does not apply to the Chapter 11 Case.

o. <u>Bankruptcy Code Section 1129(a)(7)—Best Interests of Creditors and Interest Holders</u>

33. The Plan satisfies Bankruptcy Code section 1129(a)(7). The liquidation analysis attached as Exhibit F to the Disclosure Statement (the "*Liquidation Analysis*") and the other

9

evidence related thereto, including the methodology used and assumptions made in the Liquidation Analysis, (a) are persuasive and credible as of the dates such evidence was prepared, presented or proffered, (b) have not been controverted by other persuasive evidence, (c) are based upon reasonable and sound assumptions, and (d) provide a reasonable estimate of the liquidation value of the Debtor's estate upon a hypothetical conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

34.    With respect to Class 1 under the Plan, Holders of Allowed Claims in Class 1 have accepted the Plan. With respect to Class 2 under the Plan, the Holder of any Interest in Class 2 will receive under the Plan, on account of their respective Interests, property of a value, as of the Effective Date, that is not less than the amount that each such Holder would have received if Debtor had liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(a)(7).

      p.   Bankruptcy Code Section 1129(a)(8)—Acceptance of the Plan by Each Impaired Class

35.    Impaired Class 1 voted to accept the Plan, and Impaired Class 2 is deemed to have rejected the Plan. Therefore, the Plan does not satisfy Bankruptcy Code section 1129(a)(8), and the Proponents request confirmation of the Plan pursuant to Bankruptcy Code section 1129(b).

      q.   Bankruptcy Code Section 1129(a)(9)—Treatment of Claims Entitled to Priority Pursuant to Bankruptcy Code Section 507(a)

36.    The treatment of Administrative Expense Claims, Professional Fee Claims, and Priority Claims as set forth in Article II of the Plan is in accordance with the requirements of Bankruptcy Code section 1129(a)(9). The Plan, therefore, satisfies Bankruptcy Code section 1129(a)(9).

ME1 32363117v.1

r.  Bankruptcy Code Section 1129(a)(10)—Acceptance by at Least One Impaired Class of Claims

37.  As set forth in the Voting Certification and herein, Class 1 has voted to accept the Plan. The Class 1 vote did not include the vote of any "insider" as defined by 11 U.S.C. § 101(31)(B). As such, there is at least one Class of Claims that is Impaired under the Plan that has accepted the Plan, thus satisfying Bankruptcy Code section 1129(a)(10).

s.  Bankruptcy Code Section 1129(a)(11)—Feasibility of the Plan

38.  The Plan is feasible and satisfies the requirements of Bankruptcy Code section 1129(a)(11). The Financial Projections attached as Exhibit E to the Disclosure Statement establish that the Reorganized Debtor will have sufficient funds available to meet its obligations under the Plan and will have the ability to service its debt obligations. Thus, the Plan is feasible and Confirmation of the Plan is not likely to be followed by the Reorganized Debtor liquidating or requiring further financial reorganization.

t.  Bankruptcy Code Section 1129(a)(12)—Payment of Statutory Bankruptcy Fees

39.  Section 10.9 of the Plan provides that all fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a) shall be paid for each quarter (including any fraction thereof) until the Chapter 11 Case is converted, dismissed or closed, whichever occurs first. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(a)(12).

u.  Bankruptcy Code Sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) Are Not Applicable to the Plan

40.  Debtor (i) does not have any retiree benefits programs, (ii) does not owe any domestic support obligations, (iii) is not an individual, and (iv) is not a not-for-profit corporation or trust. Therefore, Bankruptcy Code sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) do not apply to the Plan.

11

> v. <u>Bankruptcy Code Section 1129(b)—Classification of Claims and Interests and Confirmation of the Plan over Rejecting Class</u>[2]

41.     Notwithstanding the rejection of the Plan by Class 2, the Plan may be confirmed pursuant to Bankruptcy Code section 1129(b)(1) because: (i) at least one Impaired Class of Claims (Classes 1) voted to accept the Plan and (ii) the Plan satisfies the requirements of Bankruptcy Code section 1129(b) with respect to Class 2.

42.     The Plan is fair and equitable and does not discriminate unfairly with respect to Holders of Existing Equity Interests in Class 2.

> > i. The Plan is Fair and Equitable with Respect to the Impaired Rejecting Class

43.     The Plan does not provide Class 1 with a recovery that is greater than the Allowed Class 1 Claims and does not provide any recovery for any claims or interests junior to the Existing Equity Interests in Class 2.  Moreover, pursuant to that certain Settlement Agreement between the Trustee, the Committee, David L. Fleet, Tracy L. Fleet, CNY Homes Holdings, LLC, and Buck Hollow Outfitters & Tree Farm, LLC dated August 27, 2018 [Docket No. 92-1], the Holder of the Class 2 Interest has waived and released any and all claims and interests that such Holder may have in the Chapter 11 Case and is not entitled to any distribution in the Bankruptcy Case.

> > ii. The Plan Does not Discriminate Unfairly with Respect to the Impaired Rejecting Class

44.     Class 2 consists of the Existing Equity Interests (i.e., the 100% stock interest of David L. Fleet).  The separate classification and treatment of general unsecured claims in Class 1 is appropriate and does not unfairly discriminate against the equity interests classified in Class 2.

45.     The Plan satisfies the requirements for confirmation under Bankruptcy Code

---

[2]     Class 2 will not receive or retain any property under the Plan and is deemed to have rejected the Plan.

ME1 32363117v.1

section 1129(b). After entry of this Confirmation Order and upon the occurrence of the Effective Date, the Plan shall be binding upon the Holders of Interests in Class 2.

w. Bankruptcy Code Section 1129(c)—Only One Plan

46. The Plan is the only plan for which confirmation is being sought in the Chapter 11 Case. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(c).

x. Bankruptcy Code Section 1129(d)—Principal Purpose of the Plan is Not Avoidance of Taxes or the Application of Section 5 of the Securities Act

47. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act (15 U.S.C. § 77e), and no Governmental Unit has made any filing asserting any such attempted avoidance. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(d).

**L. Satisfaction of Confirmation Requirements**

48. Based upon the foregoing, the Plan satisfies the requirements for Confirmation set forth in Bankruptcy Code section 1129.

**M. Good Faith**

49. Based upon the record before the Court in the Chapter 11 Case, Debtor, the Trustee, the Committee, and the respective officers, managers, directors, employees, financial advisors, attorneys, accountants, consultants, and other professionals retained by all of the foregoing Persons, in each case in their capacity as such, and only if serving in such capacity, have acted in good faith (including, without limitation, within the meaning of Bankruptcy Code sections 1125(e) and 1126(e)), in respect of the Plan and the arm's length negotiations among the parties with respect to the formulation thereof and will continue to act in good faith if they proceed to (a) consummate the Plan and the transactions contemplated thereby and (b) take the actions authorized and directed by this Confirmation Order and the Plan.

13

### N. **Restructuring Transactions**

50.     The New Organizational Documents, including the Operating Agreement, as contemplated in accordance with Article IV of the Plan, are necessary and appropriate for consummation of the Plan and the success and feasibility thereof, have been negotiated in good faith, at arm's length, and are in the best interests of Debtor, the Estate, the Reorganized Debtor, and Holders of Claims and Interests, and shall, upon the Effective Date, constitute valid, binding and enforceable documents and agreements on all parties thereto and deemed to be bound thereby.

### O. **Disclosure of Agreements and Other Documents**

51.     The Proponents have disclosed all material facts about the Plan, including, without limitation, facts regarding: (a) the adoption of the New Organizational Documents, including the Operating Agreement and the restrictions (including, without limitation, restrictions on transfers of the New Equity), obligations, and liabilities set forth therein; (b) the selection of directors and officers of the Reorganized Debtor; and (c) the issuance of shares of the New Equity.

### P. **Implementation of Other Necessary Documents and Agreements**

52.     All documents and agreements necessary to implement the Plan, including, without limitation, those contained in the Disclosure Statement, and all other relevant and necessary documents and agreements relating to the Plan or the transactions contemplated thereby are in the best interests of Debtor, the Reorganized Debtor, and Holders of Claims and Interests and have been negotiated in good faith and at arm's length. Debtor and the Proponents have exercised reasonable business judgment in determining to enter into all such documents and agreements and have provided sufficient and adequate notice of such documents and agreements

14

to parties in interest.

**Q. Executory Contracts and Unexpired Leases; Adequate Assurance**

53.     Debtor and the Proponents have exercised reasonable business judgment in determining whether to assume, assume and assign, or reject executory contracts and unexpired leases as set forth in Article V of the Plan, the Disclosure Statement, and this Confirmation Order.

54.     The assumption, assumption and assignment, or rejection of executory contracts and unexpired leases pursuant to this Confirmation Order and in accordance with Article V of the Plan is integral to the Plan and is in the best interests of Debtor, its Estate, Holders of Claims and Interests, and other parties in interest.

55.     Debtor has satisfied the provisions of Bankruptcy Code section 365 with respect to the assumption or rejection of executory contracts and unexpired leases as contemplated by the Plan. Debtor has provided adequate assurance of future performance for each of the executory contracts and unexpired leases that are being assumed by the Reorganized Debtor, as applicable, pursuant to the Plan. Debtor has cured or provided adequate assurance that the Reorganized Debtor will cure defaults (if any) under or relating to each of the executory contracts and unexpired leases that are being assumed by the Reorganized Debtor, as applicable, pursuant to the Plan.

**R. Releases, Exculpation and Injunction**

56.     The release, exculpation, and injunction provisions set forth in the Plan, including, without limitation, the releases, exculpations and injunctions contained in Article IX of the Plan, constitute good faith compromises and settlements of the matters covered thereby. Such compromises and settlements are: (i) made in exchange for good, valuable and adequate

15

consideration provided by the Persons being released or exculpated and represent good faith settlements and compromises of the claims being released; (ii) in the best interests of Debtor, its Estate, and Holders of Claims and Interests; (iii) fair, necessary, equitable, and reasonable; and (iv) integral elements of the resolution of the Chapter 11 Case in accordance with the Plan. Proper, timely, adequate and sufficient notice of the release, exculpation and injunction provisions set forth in the Plan, including, without limitation, the releases, exculpations and injunctions contained in Article IX of the Plan, has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the orders of the Court and due process. Interested parties have had a sufficient and adequate opportunity to object to such provisions and be heard as to any objections, and no further notice of such provisions is required for entry of this Confirmation Order. Each of the release, exculpation, and injunction provisions set forth in the Plan and this Confirmation Order is: (a) within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) an essential means of implementing the Plan pursuant to Bankruptcy Code section 1123(a)(5); (c) an integral element of the transactions incorporated into the Plan; (d) conferring material benefit on, and in the best interests of, Debtor, its Estate, and Holders of Claims and Interests; (e) important to the overall objectives of the Plan to resolve all Claims and Interests, and Debtor's reorganization, in accordance with the Plan; and (f) consistent with Bankruptcy Code sections 105, 1123 and 1129 and other applicable provisions of the Bankruptcy Code and any other Applicable Laws.

### S. **Conditions to Effective Date**

57.     Each of the conditions precedent to the Effective Date set forth in Article VIII of the Plan is reasonably likely to be satisfied or waived in accordance with the Plan.

ME1 32363117v.1

**T. Retention of Jurisdiction**

58.     The Court may properly retain jurisdiction over all matters arising out of or related to the Chapter 11 Case, Debtor, the Reorganized Debtor, and the Plan after the Effective Date, to the fullest extent permitted by law, in accordance with Article X of the Plan.

*     *     *     *     *

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

**A. Confirmation of the Plan**

1.      The Plan and each of its provisions, all documents and agreements necessary for its implementation, including, without limitation, those contained in the Disclosure Statement, and all other relevant and necessary documents and agreements are APPROVED and CONFIRMED pursuant to Bankruptcy Code section 1129.  The terms of the Plan and the Disclosure Statement and all exhibits and addenda thereto are incorporated by reference into, and are an integral part of, this Confirmation Order (subject to any provision incorporated by such reference being governed by an express and contradictory provision herein).

**B. Findings of Fact and Conclusions of Law**

2.      The findings of fact and conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the Chapter 11 Case by Bankruptcy Rule 9014.  Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

17

### C. Confirmation Order Controls

3.     The provisions of the Plan, the Disclosure Statement, and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is any direct conflict between the Plan, the Disclosure Statement, or the exhibits and addenda thereto incorporated by reference herein, and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

### D. Provisions of the Plan and Confirmation Order are Nonseverable and Mutually Dependent

4.     The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are each nonseverable and mutually dependent.

### E. Preparation, Delivery, and Execution of Additional Documents by Third Parties

5.     All Holders of Claims receiving distributions pursuant to the Plan and all other parties in interest shall, from time to time and as requested by Debtor, the Trustee, or the Reorganized Debtor, take any reasonable actions as may be necessary or advisable to effectuate the provisions and intent of the Plan and this Confirmation Order.

### F. Notice

6.     Good and sufficient notice has been provided with respect to: (a) the Confirmation Hearing; (b) the deadline for filing and serving objections to the Plan; (c) the proposed cure amounts and the deadline for filing objections to cure amounts; (d) the settlements, releases, exculpations, injunctions, and related provisions in the Plan; and (e) the other hearings described in the Disclosure Statement Order and the Plan. Such notice has been and is hereby approved. No other or further notice is required.

### G. Plan Classification Controlling

7.     The terms of the Plan alone shall govern the classification of Claims and Interests

18

for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims entitled to vote to accept or reject the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification or amounts of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any Holder of Claims as representing the actual classification or amounts of such Claims under the Plan for distribution purposes; and (d) do not otherwise bind Debtor or the Reorganized Debtor. The classification scheme of the Plan and the treatment of all Claims and Interests provided thereunder are hereby approved.

**H. Treatment in Full Satisfaction**

8.     The treatment of Claims and Interests set forth in Article II of the Plan is in full and complete satisfaction of the legal, contractual and equitable rights that each Person holding a Claim or an Interest may have against Debtor, its Estate or its respective property, except as expressly provided in the Plan or this Confirmation Order. The Reorganized Debtor is authorized to use this Confirmation Order as evidence of the release of Liens.

**I. Debtor and Proponent Transactions**

9.     All transactions effected by Debtor and the Proponents during the pendency of the Chapter 11 Case from the Petition Date up to the Effective Date are hereby approved and ratified.

**J. Matters Relating to Implementation of the Plan**

a.   Corporate Name Change

10.     Debtor and the Proponents are hereby authorized and empowered to, prior to the Effective Date, issue, execute, deliver, file, and record any document, and to take any action

19

necessary or appropriate, to change the name of Debtor, without the need for any further notice to, or action, order or approval of the Court.

b.  Operation of Debtor Between the Confirmation Date and the Effective Date

11.    Upon the entry of this Confirmation Order, the Trustee shall continue to operate Debtor pursuant to the Bankruptcy Code and the Bankruptcy Rules during the period from entry of this Confirmation Order (such date, the "***Confirmation Date***") through and until the Effective Date; provided, however, that the management of Debtor's properties, operation of its business and use, acquisition or disposition of its assets shall be effectuated in a manner consistent with the Plan and this Confirmation Order.

c.  Corporate Existence; Vesting of Assets in the Reorganized Debtor

12.    The Reorganized Debtor shall exist after the Effective Date as a separate limited liability company entity, with all the powers of a limited liability company pursuant to the applicable laws in the jurisdiction the Reorganized Debtor is incorporated or formed and pursuant to the respective formation documents in effect prior to the Effective Date.  The Reorganized Debtor may freely and without further approval of the Court take any and all actions with respect to its corporate governance in accordance with applicable laws.

13.    On the Effective Date, all Assets of Debtor and the Estate, including, without limitation, all property, Causes of Action, Postpetition Contracts, agreements claims, rights, and any property acquired by Debtor during the pendency of the Chapter 11 Case or under or in connection with the Plan, to the fullest extent provided by Bankruptcy Code section 541, and any and all other rights and assets of Debtor of every kind and nature, shall vest in the Reorganized Debtor, free and clear of all Liens, Claims, Interests, charges, or other encumbrances.  Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable law.  On

20

ME1 32363117v.1

and after the Effective Date, Reorganized Debtor may operate its business and may use, acquire and dispose of Assets and compromise or settle any Claims and Causes of Action without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by the Plan or the Confirmation Order. All rights to enforce and recover the Fleet Judgment shall be deemed assigned to and vested in Reorganized Debtor as of the Effective Date.

**K. Restructuring Transactions**

14.     Debtor, the Proponents, and the Reorganized Debtor are authorized to consummate the transactions contemplated by the Plan and to direct any third parties to take such steps as may be required to effect, document or otherwise evidence any such transactions, including, without limitation, the formation of a new limited liability company and issuance of the New Equity.

15.     All actions taken by Debtor and the Proponents prior to entry of this Confirmation Order, in accordance with Article 4.1 of the Plan, are hereby approved. Subject to the terms of the Plan and this Confirmation Order, Debtor and the Proponents are authorized, without further notice to or action, order or approval of the Court or any other Person, to enter into and take any additional actions under or in connection with the transactions contemplated by the Plan to be effectuated on or prior to the Effective Date, including such actions as may be necessary or appropriate to facilitate such transactions, upon entry of this Confirmation Order. Subject to the terms of the Plan and this Confirmation Order, following the Effective Date, Debtor, the Proponents, and the Reorganized Debtor are authorized to effect transactions contemplated by the Plan and take any and all steps and actions as they deem necessary or appropriate to effect such transactions.

ME1 32363117v.1

## L. **Binding Effect; Effectiveness; Successors and Assigns**

16.     Except as otherwise provided in Bankruptcy Code section 1141(d)(3) and subject to the occurrence of the Effective Date, on and after the Confirmation Date, all provisions of the Plan, including all agreements, instruments and other documents filed in connection with the Plan or executed by Debtor or the Reorganized Debtor in connection with the Plan, including the Operating Agreement, shall be immediately effective and enforceable and deemed binding in accordance with their respective terms upon Debtor, the Reorganized Debtor, and any and all Holders of Claims or Interests (irrespective of whether any such Holders of Claims or Interests failed to vote to accept or reject the Plan, voted to accept or reject the Plan, or are deemed to accept or reject the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, exculpations and injunctions described in the Plan, each Person acquiring property under the Plan, any and all non-Debtor parties to executory contracts and unexpired leases with Debtor, and any other Persons affected in any manner by the Plan.

17.     The payments, obligations and benefits of any Person named or referred to in the Plan shall be binding upon and inure to the benefit of such Person's heirs, executors, administrators, successors or assigns, including, with respect to Debtor, the Reorganized Debtor, any successor to Debtor or the Reorganized Debtor or any Estate representative appointed or selected pursuant to Bankruptcy Code section 1123.

## M. **Cancellation of Existing Securities and Agreements**

18.     Except for the purpose of evidencing any right to distribution under the Plan, and except as otherwise set forth in the Plan, on the Effective Date, the prepetition notes and mortgages, the Existing Equity Interests, and all agreements, instruments, and other documents evidencing any Claim or Interest, and any rights of any holder in respect thereof, shall be deemed

22

cancelled, discharged and of no force or effect. without any further act or action under any applicable agreement, law, regulation, order or rule, and the obligations of Debtor under the prepetition notes and mortgages, the Existing Equity Interests and other instruments evidencing any Claims or Interests shall be automatically discharged. The Holders of or parties to such cancelled prepetition notes and mortgage notes, the Existing Equity Interests and other agreements and instruments shall have no rights arising from or relating to such notes, Existing Equity Interests and other agreements and instruments or the cancellation thereof, except the rights provided pursuant to the Plan.

**N. Cancellation of Existing Security Interests**

19. On the Effective Date, except as set forth in the Plan, any Lien securing any Claim shall be deemed released, and the Holder of such Claim shall release any collateral or other property of Debtor (including any cash collateral) held by such Holder and to take such actions as may be requested by Reorganized Debtor to evidence the release of such Lien, including the execution, delivery and filing or recording of such releases as may be requested by Reorganized Debtor.

20. Any financing statements, mortgages, mechanic's liens, *lis pendens*, or agreements relating thereto shall be deemed automatically cancelled, terminated and of no further force or effect, without further act or action under any applicable agreement, law, regulation, order, or rule and the obligations of the parties, as applicable, thereunder shall be deemed discharged, and any applicable Governmental Unit is authorized, empowered, directed and ordered to accept entry of this Confirmation Order as an order approving cancellation and termination of the same.

ME1 32363117v.1

## O. **Issuance of Plan Securities**

21.     On the Effective Date, the Reorganized Debtor is authorized to and shall issue and distribute, or cause to be distributed, the New Equity, and any and all other securities, notes, stock, instruments, certificates and other documents or agreements required to be issued, executed or delivered pursuant to the Plan without the need for any further corporate or shareholder action. The New Equity, and any other such securities issued on or around the Effective Date are duly authorized, validly issued and, in the case of any equity securities, fully paid and non-assessable.

22.     Any Holder of a Claim that is to be distributed the New Equity pursuant to the Plan shall be deemed to have duly executed and delivered to the Reorganized Debtor a counterpart to the Operating Agreement, and the Operating Agreement shall be deemed to be a valid, binding and enforceable obligation of such Holder (including any obligation set forth therein to waive or refrain from exercising any appraisal, dissenters' or similar rights) even if such Holder has not actually executed and delivered a counterpart thereof. The Proponents are authorized to make non-substantive modifications to the Operating Agreement prior to the Effective Date. The Proponents shall include a copy of the final version of the Operating Agreement with the Effective Date Notice (as defined below) to be served upon any Holder of an Allowed Claim that is to receive a distribution of New Equity pursuant to the Plan. The recipients of the New Equity under the Plan shall be bound by, and such membership interests shall be subject to, all of the terms and provisions of the Operating Agreement (as may be further amended, supplemented, amended and restated or otherwise modified from time to time).

23.     Each holder of shares of the New Equity, whether such holder acquired the New Equity on the Effective Date or any time or from time to time thereafter, shall be deemed to have

ME1 32363117v.1

actual knowledge of the terms, provisions, restrictions and conditions set forth in the Operating Agreement (as further amended, supplemented, amended and restated or otherwise modified from time to time) whether or not any such holder actually received a separate notice of such terms, provisions, restrictions and conditions. Without limiting the foregoing, this Confirmation Order and the Plan shall be deemed sufficient and adequate notice of such terms, provisions, restrictions and conditions of the Operating Agreement to all holders of the New Equity, such that all such holders shall be deemed to have actual knowledge thereof and shall be deemed to have acquired (whether on the Effective Date or any time or from time to time thereafter) such shares of the New Equity subject thereto.

**P. Corporate Actions, Documents, and Further Transactions**

24.     In accordance with Bankruptcy Code section 1142, the implementation and consummation of the Plan in accordance with its terms shall be, and hereby is, authorized and approved, and Debtor, the Proponents, the Reorganized Debtor, and any other Person designated pursuant to the Plan shall be, and hereby are, authorized, empowered, and directed to issue, enter into, execute, deliver, file, and record any document whether or not such document is specifically referred to in the Plan, the Disclosure Statement, or any exhibit thereto, and to take any action necessary or appropriate to consummate the Plan and all transactions and agreements therein in accordance with its terms, without the need for any further notice to, or action, order or approval of the Court, or other act or action under applicable laws, except in either case, those expressly required pursuant to the Plan. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any

25

other acts and transactions referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

25.     Each of Debtor, the Proponents, and the Reorganized Debtor, as applicable, and any of their respective officers and designees, are authorized, without further notice to, or action, order or approval of the Court or any other Person, to execute, deliver, file, publish, or record such contracts, instruments, certificates, releases, indentures, and other agreements or documents, to perform their obligations thereunder, including, without limitation, to pay all fees, costs and expenses thereunder in accordance with the Plan, and take such actions or seek such orders, judgments, injunctions and rulings as Debtor, the Proponents, or the Reorganized Debtor deem necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, and this Confirmation Order, or any notes or securities issued pursuant to the Plan, or to otherwise comply with applicable laws.  The terms and conditions of such documents and agreements are reaffirmed or approved, as applicable, and shall, upon completion of documentation and execution, be valid, binding and enforceable and shall not conflict with any applicable laws.

26.     Each of the matters provided for by the Plan, including those that would otherwise require approval of the shareholders, directors, managers, or members of Debtor or the Reorganized Debtor shall, as of the Effective Date, be deemed to have occurred and be effective as provided in the Plan, and shall be authorized, approved, and, to the extent taken prior to the Effective Date, ratified, in each case without any requirement of further action by Holders of Claims or Interests, shareholders, directors, managers or members of Debtor, or any other Person.

MEI 32363117v.1

**Q.** **Officers and Board of Managers of the Reorganized Debtor**

27.     The initial board of managers and officers of the Reorganized Debtor shall consist of the persons identified in the Disclosure Statement. On the Effective Date and effective as of the Effective Date, the New Board and officers of the Reorganized Debtor shall be deemed elected and appointed, without the need for any further notice to or action, order, consent or approval of the Court or any other Person, or other act or action under applicable laws.

**R.** **Exemption from Transfer Taxes**

28.     Pursuant to Bankruptcy Code section 1146(a), the issuance, transfer, or exchange of notes, equity securities, instruments or documents under or in connection with the Plan (including, without limitation, the issuance of the New Equity), the assignment or surrender of any lease or sublease, the creation of any mortgage, deed of trust, Lien, pledge or other security interest, or the making, assignment or delivery of any lease, sublease, deed or any other instrument of transfer under, in furtherance of, or in connection with the Plan, including any deeds, bills of sale, assignments, mortgages, deeds of trust or similar documents executed in connection with any assets subject to the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, sales, use or other similar tax nor any Uniform Commercial Code filing or recording fee or similar or other governmental assessment, pursuant to and to the fullest extent permitted by Bankruptcy Code section 1146(a). All appropriate state or local government officials or agents or other applicable Governmental Units shall forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

ME1 32363117v.1

## S. **Exemption from Securities Laws**

29.     Pursuant to Bankruptcy Code section 1125(e), the Proponents' transmittal of the Solicitation Materials, their solicitation of acceptances of the Plan, the Reorganized Debtor's offer, sales, issuance and distribution of the New Equity, are not and will not be governed by or subject to any otherwise applicable law, rule, or regulation governing the solicitation or acceptance of a plan of reorganization or the offer, issuance, sale, or purchase of securities.

30.     Pursuant to Bankruptcy Code section 1145, the offering, issuance and distribution of the New Equity to the Holders of Allowed Class 1 Claims shall be exempt from, among other things, the registration and prospectus delivery requirements of Section 5 of the Securities Act and any other applicable law requiring registration and/or delivery of prospectuses prior to the offering, issuance, distribution, or sale of securities.  In addition, any and all membership interests comprising the New Equity issued to the Holders of Allowed Class 1 Claims under the Plan will be freely tradable by the recipients thereof, subject to: (A) the provisions of Bankruptcy Code section 1145(b)(1) relating to the definition of an underwriter in section 2(a)(11) of the Securities Act, and compliance with any rules and regulations of the United States Securities and Exchange Commission, if any, applicable at the time of any future transfer of such Securities or instruments; (B) applicable regulatory approval, if any; and (C) the provisions of the New Organizational Documents (including the Operating Agreement).

31.     Debtor, the Proponents, and the Reorganized Debtor are authorized and directed to take actions to preserve the foregoing exemptions in accordance with the terms of the Plan, the Operating Agreement, or otherwise as Debtor, the Proponents, and the Reorganized Debtor, as applicable, determine is appropriate and necessary.

ME1 32363117v.1

**T.  Executory Contracts and Unexpired Leases; Cure Costs**

32.     In addition to any executory contracts and unexpired leases that have been previously assumed or rejected by order of the Court, on the Effective Date, each of the executory contracts and unexpired leases of Debtor will be deemed assumed or rejected, in accordance Article V of the Plan.

33.     Each of the Prepetition Contracts not listed on the Schedule of Assumed Executory Contracts and Unexpired Leases shall be rejected only to the extent that such contract or lease constitutes an executory contract or unexpired lease.  Until the Effective Date, the Proponents are authorized to amend the Schedule of Assumed Executory Contracts and Unexpired Leases to delete any executory contract or unexpired lease therefrom or to add any executory contract or unexpired lease thereto.  The listing of a contract or lease as a contract or lease to be assumed or rejected under the Plan shall not constitute an admission by Debtor, the Proponents, or the Reorganized Debtor that such contract or lease is an executory contract or unexpired lease or that Debtor or Reorganized Debtor has any liability thereunder.

34.     All Claims arising from the rejection of executory contracts or unexpired leases, if any, shall be forever barred and shall not be enforceable against the Reorganized Debtor or its properties, or any of its interests in properties as agent, successor or assign, unless a Proof of Claim is filed and served upon counsel to Reorganized Debtor (if known), the Trustee, and counsel to the Committee within thirty (30) days after the later of (i) service of the Confirmation Order or (ii) service of a notice of the effective date of rejection of the executory contract or unexpired lease.

35.     The cure amounts (if any) owed under each executory contract and unexpired lease to be assumed pursuant to the Plan, as set forth in Article 5.2 of the Plan and Exhibit B to

29

the Disclosure Statement, shall be satisfied in accordance with Article 5.2 of the Plan and pursuant to Bankruptcy Code section 365(b)(1), by payment of the cure amount in Cash on the Effective Date or on such other terms as the parties to such executory contract or unexpired lease may otherwise agree. By the payment of the cure amounts, where applicable, Debtor shall have cured and/or provided adequate assurance of cure of any monetary default existing as of the Effective Date and provided for compensation or adequate assurance of compensation to any party for actual pecuniary loss to such party resulting from a default under such assumed contracts and unexpired leases. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 365.

36.     Entry of this Confirmation Order constitutes an order approving the assignment of executory contracts or unexpired leases from Debtor to the Reorganized Debtor (as applicable), as may be necessary. Each counterparty to an assumed or an assumed and assigned contract or unexpired lease shall be deemed to consent to the cure amount as provided for under the Plan and this Confirmation Order, and shall be enjoined from seeking other or further amounts on account of any alleged defaults under such contracts or leases, unless such counterparty filed a timely objection in accordance with the Plan and the Disclosure Statement Order.

37.     Neither the Debtor nor the Reorganized Debtor shall have any further or ongoing obligations under any of the contracts or leases rejected under the Plan. The rejection of a contract or lease shall not release any counterparty to such contract or lease from any obligation to Debtor that arose prior to the rejection of such contract or lease, and the right to enforce any such obligation is expressly preserved and retained by Debtor and shall be vested in, and may be enforced by, the Reorganized Debtor upon the Effective Date.

ME1 32363117v.1

**U. Resolution of Disputed Claims and Interests; Post-Effective Date Claims**

38. The provisions of Article VI of the Plan regarding the procedures for resolving Disputed Claims and Interests are fair and reasonable and approved.

39. Except as expressly provided in this Confirmation Order, the Plan or as ordered by the Court prior to the Effective Date, no Claim or Interest shall become an Allowed Claim or Allowed Interest unless and until such Claim or Interest is deemed Allowed under the Plan or the Bankruptcy Code, or the Court has entered a Final Order allowing such Claim or Interest.

40. On or after the Effective Date, except as otherwise provided in the Plan, a Claim or Interest may not be filed, asserted or amended without the prior authorization of the Court and, absent such authorization, any such new or amended Claim or Interest filed or asserted shall be deemed disallowed in full and expunged without any further notice to, or action, order, or approval of the Court or any other Person.

**V. Release, Discharge, Injunction, and Exculpation**

41. The release, discharge, injunction, exculpation, and related provisions set forth in Article IX of the Plan are hereby approved and authorized.

**W. Existing Injunctions and Stays Remain in Effect Until Effective Date**

42. All injunctions or stays provided in, or in connection with, the Chapter 11 Case, whether pursuant to Bankruptcy Code sections 105 or 362, any other applicable laws, any order of the Court or any Final Order, in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date. Upon the Effective Date, all injunctions or stays provided for in the Chapter 11 Case under Bankruptcy Code sections 105 or 362, or other applicable laws, shall be lifted and of no further force or effect—being replaced, to the extent applicable, by the injunctions, discharges, releases and exculpations of Article IX of the Plan. Nothing herein shall

31

bar the taking of such other actions as are necessary or reasonable to effectuate the transactions contemplated by the Plan or by this Confirmation Order.

**X. Retained Causes of Action**

43.    In accordance with Bankruptcy Code section 1123(b), the Reorganized Debtor, as the successor in interest to Debtor and the Estate, is authorized to enforce, sue on, settle or compromise (or decline to do any of the foregoing) any or all Causes of Action and the Fleet Judgment.  Reorganized Debtor has standing and all rights to prosecute any and all Causes of Action against any Person and to enforce the Fleet Judgment, and no preclusion doctrine, including the doctrines of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches, shall apply to such Cause of Action or the Fleet Judgment upon, after, or as a consequence of Confirmation or the occurrence of the Effective Date.

**Y. Waiver or Estoppel**

44.    Each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including, without limitation, the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, as secured, or not subordinated by virtue of any agreement with Debtor, the Trustee, the Committee, or any other Person, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers filed with the Court prior to the Confirmation Date.

**Z. Failure to Consummate the Plan**

45.    In the event that all of the conditions to the Effective Date are not satisfied or waived or the Effective Date does not occur, then the Plan, the assumption or rejection of executory contracts or unexpired leases effected by the Plan, and any document or agreement

32

executed pursuant to the Plan, shall be null and void; provided, however, that all orders of the Court and all documents executed pursuant thereto, except this Confirmation Order, shall remain in full force and effect. In such event, nothing contained in the Disclosure Statement, the Plan, or this Confirmation Order, and no acts taken in preparation for consummation of the Plan, shall be deemed to constitute a waiver or release of any Claims by or against Debtor or any other Person, to prejudice in any manner the rights of Debtor or any Person in any further proceedings or to constitute an admission of any sort by Debtor or any other Person.

### AA. References to Plan Provisions

46. The Plan is confirmed in its entirety. The Plan and the Disclosure Statement are hereby incorporated into this Confirmation Order by reference. The failure to reference or discuss any particular provision of the Plan or the Disclosure Statement in this Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect, and enforceability of such provision, and each provision of the Plan and the Disclosure Statement shall have the same validity, binding effect, and enforceability as if fully set forth in this Confirmation Order.

### BB. Headings

47. Headings utilized herein are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

### CC. Administrative Bar Date and Notice of Entry of this Confirmation Order

48. The Administrative Bar Date shall be thirty (30) days after the Effective Date. Any request for the payment of an Administrative Expense Claim that is not filed and served within thirty (30) days after the Effective Date shall be discharged and forever barred, and the Holder of such Administrative Expense Claim shall be enjoined from commencing or continuing

33

any action, process or act to collect, offset or recover on such Administrative Expense Claim against Debtor or Reorganized Debtor.

49.     In accordance with Bankruptcy Rules 2002 and 3020(c), the Proponents shall serve a notice of the Effective Date (the "***Effective Date Notice***") by hand, overnight courier service, or United States mail, first-class postage prepaid, to all Persons having been served with the Confirmation Hearing Notice within a reasonable period of time after the conditions to the Effective Date set forth in Article VIII of the Plan have been satisfied or waived, which Effective Date Notice shall include notice of the Administrative Bar Date.

50.     Mailing of the Effective Date Notice in the time and manner set forth in the preceding paragraph shall constitute good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice of Confirmation or the occurrence of the Effective Date is necessary.

### DD.     Retention of Jurisdiction

51.     Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain jurisdiction as provided in the Plan over all matters arising out of, or related to, the Chapter 11 Case, Debtor, the Reorganized Debtor, and the Plan, to the fullest extent permitted by applicable laws.

### EE.     Implementation of Other Necessary Documents and Agreements

52.     Debtor, the Trustee, and the Reorganized Debtor, as applicable, are authorized, without further notice to, or action, order or approval of the Court or any other Person, to execute and deliver all agreements, documents, instruments and certificates necessary to implement the

34

ME1 32363117v.1

Plan and to perform their obligations thereunder, including, without limitation, to pay all indemnities, fees, costs and expenses thereunder in accordance with the Plan. The terms and conditions of such documents and agreements are reaffirmed or approved, as applicable, and shall, upon completion of documentation and execution, be valid, binding and enforceable and shall not conflict with any applicable laws.

**FF.** **Modifications or Amendments to the Plan**

53. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, and subject to the restrictions and requirements of Bankruptcy Code section 1127 and Bankruptcy Rule 3019, the Proponents are authorized to modify the Plan, including any ancillary document in the Disclosure Statement, in accordance with Article X of the Plan, at any time prior to the Effective Date. A Holder of a Claim or Interest that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified or supplemented, if the proposed alteration, amendment, modification or supplement does not materially and adversely change the treatment of the Claim or Interest of such Holder.

**GG.** **Ownership and Control**

54. The consummation of the Plan and the transactions contemplated thereby shall not constitute a change of ownership, change in control, change in effective control, or phrase or term of similar import or meaning, as such terms are used in any statute, regulation, contract, indenture or agreement, plan or program (including any employee benefit plan or program or any employment, severance, termination or insurance agreements) in effect on or prior to the Effective Date and to which Debtor is a party, subject to or otherwise bound.

**HH.** **Reversal**

55. If any of the provisions of this Confirmation Order are hereafter reversed,

ME1 32363117v.1

modified or vacated by a subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to written notice of such order by the Proponents. Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, all documents relating to the Plan and any amendments or modifications to the foregoing.

## II. Authorization to Consummate

56.     Debtor and the Proponents are authorized to consummate the Plan on any Business Day on or after the Confirmation Date on which (a) no stay of this Confirmation Order is in effect and (b) the conditions to the effectiveness of the Plan specified in Article VIII of the Plan have been satisfied, or, if capable of being waived, waived in accordance with the terms of the Plan.

## JJ. Substantial Consummation

57.     On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code sections 1102 and 1127.

## KK.     Applicable Nonbankruptcy Law

58.     Pursuant to Bankruptcy Code sections 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, and the Disclosure Statement shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

## LL.     Funds Recovered by the Securities and Exchange Commission

59.     To the extent that the Securities and Exchange Commission transfers

ME1 32363117v.1

disgorgement funds to the Estate (the "**SEC Recovered Funds**"), Debtor, the Proponents, and the Reorganized Debtor shall cause the SEC Recovered Funds to be distributed by the Reorganized Debtor to the holders of the New Equity after the Effective Date and shall not use the SEC Recovered Funds for any other purpose.

**MM.**    **Final Order**

60.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated:  January 14, 2020

THE HONORABLE PAUL R. WARREN
UNITED STATES BANKRUPTCY JUDGE

37